IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: JAMES R. JOHNSON, ) | Bankruptcy Case No. 15-10365-BLS |
| ) | |
| Debtor, ) | Bankruptcy Appeal No. 15-00046 |
| ) | |
| ──────────────────── ) | |
| ) | |
| JAMES R. JOHNSON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 15-792-GMS |
| ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

The appellant James R. Johnson ("Johnson or "appellant") filed this bankruptcy appeal on September 9, 2015. (D.I. 1.) He appears *pro se* and has paid the filing fee. The appeal arises from an order entered by the United States Bankruptcy Court for the District of Delaware ("bankruptcy court") in *In re James R. Johnson*, Bankr. No. 15-10365-BLS (D. Del.) (the "bankruptcy proceeding" or "Bankr. No. 15-10365-BLS") on September 1, 2015, that dismissed Johnson's Chapter 7 bankruptcy filing with prejudice and barred him from filing a petition under Title 11 of the U.S. Bankruptcy Code for a period of one year from the date of entry of the order. (*See id.* at D.I. 70.) The court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).

## II. BACKGROUND

The appellant and his spouse, Mary Alice Johnson ("Mrs. Johnson"), owned Johnson Family Restaurant, LLC, which operated the Johnson Family Restaurant in Selbyville, Delaware. (*See* Bankr. No. 15-10365-BLS at D.I. 1, D.I. 37.) The restaurant's landlord, Cypress Tree Center, LLC ("Cypress"), filed a state court eviction action in early 2015. (*Id.* at D.I. 37.) On February 23, 2015, Johnson filed a *pro se* voluntary petition under Chapter 13 of the Bankruptcy Code. (*Id.* at D.I. 1.) Named as unsecured creditors were Cypress and the Justice of the Peace Court of Georgetown, Delaware. (*Id.* at D.I. 1.) The Justice of the Peace Court determined the eviction action was stayed pursuant to the bankruptcy filing until further order of the bankruptcy court. (*Id.* at D.I. 37.)

Johnson has a history of bankruptcy filings. He filed four chapter 13 bankruptcy cases between 2008 and 2014, all dismissed for failure to comply with statutory requirements. (*See In re James R. Johnson*, Bankr. No. 08-10406-BLS (D. Del.) at D.I. 30 (dismissed for failure to obtain credit counseling required by 11 U.S.C. § 109(h)); *In re James R. Johnson*, Bankr. No. 08-10828-BLS (D. Del.) at D.I. 26 (dismissed for failure to appear at meeting of creditors as required by 11 U.S.C. §§ 341(a) and 343); *In re James R. Johnson*, Bankr. No. 09-13581-BLS (D. Del.) at D.I. 101 (dismissed pursuant to 11 U.S.C. § 1307(c)(6) for failure to make post-petition payments in default of confirmed Chapter 13 plan); and *In re James R. Johnson*, Bankr. No. 14-10888-BLS (D. Del.) at D.I. 14 (dismissed for failure to timely file schedules pursuant to 11 U.S.C. § 521(a) and Chapter 13 plan pursuant to 11 U.S.C. § 1321.)

On February 27, 2015, Mrs. Johnson commenced a Chapter 13 case four days after her spouse filed his bankruptcy case, *In re Mary Alice Johnson*, Bankr. No. 15-10439-BLS (D. Del.), dismissed for failure to file the schedules, statements, and plan required to be filed in support of

2

a Chapter 13 bankruptcy petition. (*See id.* at D.I. 14.) She filed a second Chapter 13 bankruptcy case on April 27, 2015, dismissed with a one-year bar. (*See In re Mary Alice Johnson*, Bankr. Case No. 15-10894-BLS (D. Del.), at D.I. 1, D.I. 47, D.I. 53.) Mrs. Johnson did not appeal the order.

In the instant bankruptcy proceeding, Cypress asked the bankruptcy court on June 2, 2015, to find that Johnson's bankruptcy case did not stay the state court eviction action against the Johnson Family Restaurant. (*See* Bankr. No. 15-10365-BLS, at D.I. 37.) In turn, on June 23, 2015, Mrs. Johnson filed a Chapter 11 bankruptcy case on behalf of Johnson Family Restaurant, LLC. (*See In re Johnson Family Restaurant, LLC*, Bankr. No. 15-11343-BLS (D. Del.) at D.I. 1.) It was dismissed for failure to pay the statutorily required filing fee. (*Id.* at D.I. 11.) On July 27, 2015, the bankruptcy court affirmed dismissal of the matter with prejudice and imposed a one-year filing bar against Johnson Family Restaurant. (*Id.* at D.I. 22.) There was no appeal.

On March 4, 2015, in this bankruptcy proceeding, the Chapter 13 trustee filed a motion to dismiss Johnson's bankruptcy case as abusive as a "serial filing . . . that lacks evidence of good faith" in light of four previous bankruptcy cases filed between 2008 and 2014 that had been dismissed for his failure to comply with statutory requirements. (Bankr. No. 15-10365-BLS at D.I. 16.) The Trustee moved to impose "appropriate sanctions . . . to remedy and deter such conduct." *Id.* On March 24, 2015, the bankruptcy court entered an order that dismissed the Chapter 13 matter, barred Johnson from filing another bankruptcy petition for two years, and provided that if he filed a petition in violation of the order, the automatic stay of 11 U.S.C. § 362(a) would not go into effect. (*Id.* at D.I. 21.) Next, Johnson filed a motion to vacate the dismissal order and to convert the case to Chapter 7 of the Bankruptcy Code. (*Id.* at D.I. 23.)

3

Case 15-10365-BLS Doc 83 Filed 09/07/16 Page 4 of 10

The motion was granted, the March 24, 2015 order vacated, and the case converted to Chapter 7 on May 21, 2015. (*Id.* at D.I. 29, D.I. 30.)

Cypress then moved for a determination that Johnson's bankruptcy filing did not stay the state court eviction action because Johnson was not the tenant facing eviction. (*Id.* at D.I. 37.) Johnson filed an objection alleging unidentified violations of state law, the Bankruptcy Code, and the United States Constitution. (*Id.* at D.I. 41.) Hearing was held on the motion, following notice to the parties. On June 25, 2013, the bankruptcy court granted Cypress' motion, holding that Johnson's bankruptcy case did not stay the eviction action. (*Id.* at D.I. 52.) Johnson filed a notice of appeal, but it was dismissed for failure to pay the statutorily required filing fee. (*Id.* at D.I. 47, D.I. 60); *see In re Johnson*, Civ. No. 15-533-GMS (D. Del.) at D.I. 1, 3.) He then moved for reconsideration of the June 25, 2013 order, and Cypress objected on the grounds that it was "part of a pattern of abuse" by Johnson and his spouse. (*See* Bankr. No. 15-10365-BLS at D.I. 55, D.I. 59.) The matter was set for hearing on July 21, 2015, but Johnson did not appear at the hearing, and the matter was taken under advisement. (*See id.* at D.I. 56, D.I. 59.)

On August 4, 2015, the Trustee filed a motion to dismiss Johnson's Chapter 7 bankruptcy proceeding "for cause" with a one-year bar on refiling. (*See id.* at D.I. 64.) Johnson objected on the grounds that his bankruptcy cases were not serial filings, they were not filed in bad faith, he was not party to the filings by his wife and their company, and the motion violated unspecified "constitutional rights." (*Id.* at D.I. 68.)

Following notice to the parties, the matter was heard on August 27, 2015. (*See id.* at D.I. 66, 69.) On September 1, 2015, the bankruptcy court granted the Trustee's motion, and dismissed the Chapter 7 bankruptcy proceeding with a one-year filing bar. (*See id.* at D.I. 70.)

4

Johnson filed a notice of appeal on September 4, 2015, and paid the filing fee on August 22, 2016. (*See id.* at D.I. 73.) The order is the subject of this appeal.

## III. STANDARD OF REVIEW

In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." Fed. R. Bankr. P. 8013.

## IV. ISSUES RAISED ON APPEAL

The appellant raises the following issues for review (D.I. 21):

5

(1) whether the dismissal of the Chapter 7 proceeding by the bankruptcy court was an abuse of discretion.

(2) whether the Trustee conspired with Attorney Scanlon and Cypress Tree Center, LLC.

(3) whether the Trustee violated Johnson's constitutional rights.

The appellee Andrew R. Vara, Acting United States Trustee ("appellee" or "Trustee") raises the following issue for review (D.I. 22):

Whether the bankruptcy court abused its discretion in dismissing the bankruptcy case of Johnson for cause under 11 U.S.C. § 707(a), with a one-year ban on refiling under 11 U.S.C. § 349(a).

## IV. DISCUSSION

The bankruptcy court's September 1, 2015, order dismissing Johnson's bankruptcy case with a one-year bar on refiling is a final order. *See In re Pruitt*, 910 F.2d 1160, 1164 (3d Cir. 1990) (order dismissing bankruptcy case with prejudice is a final order).

### A.  11 U.S.C. § 707(a), Dismissal for Cause, One-Year Bar, Conspiracy

Johnson contends that in granting the bad faith dismissal pursuant to 11 U.S.C. § 707(a), the bankruptcy court abused its judicial discretion and improperly applied the bankruptcy code. He argues there is no evidence that he is a serial filer, and he did not file a third case after the prior two dismissals. Johnson contends that the Trustee and Cypress engaged in a conspiracy because they did not file an objection to his request to convert his bankruptcy filing to a Chapter 7 and, when the Trustee filed the motion to dismiss for serial filings, the filing was in bad faith as a means to create a scheme or artifice and fraud. The court addresses these issues together as they implicate the dismissal order entered by the bankruptcy court.

Johnson also appears to argues that the automatic stay should not have been lifted. Pursuant to Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, absent a request to

extend the time to appeal, a notice of appeal must be filed within fourteen days of the date of the entry of the order appealed from. Fed. R. Bankr. P. 8002(a)(1). Johnson did not appeal the June 25, 2015 order granting relief from the stay, and the time to do so has long passed. Nor does the notice of appeal reference the June 25, 2015 order. Instead, the notice of appeal has attached to it the September 1, 2015 dismissal order. (D.I. 1.) In addition, while Johnson filed a notice of appeal on June 24, 2015, it was filed one day prior to entry of the order granting relief from the stay and did not reference an appealable order. *See In re Johnson*, Civ. No. 15-533-GMS (D. Del.) at D.I. 1.) Johnson did not pay the filing fee, and the appeal was dismissed on July 17, 2015. *See id.* at D.I. 3.) Johnson did not appeal the order granting relief from the stay and, therefore, the issue is not before the court.

Section 707(a) provides that a court may dismiss a case under this chapter for cause, including (1) unreasonable delay that is prejudicial to creditors; (2) nonpayment of any fees and charges required under 28 U.S.C. § 1911, *et seq.*; and (3) failure of the debtor in a voluntary case to file within the requisite time the documents required by § 521. These enumerated grounds, however, are not exclusive, and it is well established law that bad faith in filing the Chapter 7 petition also constitutes cause for dismissal. *See In re Tamecki*, 229 F.3d 205 (3d Cir. 2000) (good faith is an implicit jurisdictional prerequisite to filing for chapter 7 relief).

The question of whether a filing was made in bad faith is a fact-intensive inquiry committed to the sound discretion of the bankruptcy court. *In re SGL Carbon*, 200 F.3d 154, 159 (3d Cir. 1999). In deciding whether a filing was in bad faith, a court looks to the "totality of the circumstances," *In re Lilley*, 91 F.3d 491, 496 (3d Cir.), and may focus on the following factors, among others: (1) the nature of the debt, (2) the timing of the petition, (3) how the debt arose, (4) the debtor's motive in filing the petition, (5) how the debtor's actions affected

7

creditors, (6) the debtor's treatment of creditors both before and after the petition was filed, and (7) whether the debtor has been forthcoming with the bankruptcy court and the creditors. *Id.* Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith. *See In re Marks*, 174 B.R. 37, 40 (Bankr. E.D. Pa. 1994) (citing *In re Sky Group Int'l, Inc.*, 108 B.R. 86, 90 (Bankr. W.D. Pa. 1989) ("Once the good faith issue is placed in question, the party bringing the petition has the burden of proving that the petition was brought in good faith.").

Here, the Trustee filed its motion to dismiss with prejudice, supported by a listing of the bankruptcy cases filed by Johnson and his spouse and by the affidavit of James O'Malley, Jr., a bankruptcy analyst who stated that the schedules and statements in the bankruptcy filings appear identical or nearly identical. (*See* Bankr. No. 15-10365-BLS at D.I. 64, ¶ I.D. and *In re Johnson Family Restaurant, LLC*, Bankr. No. 15-11343-BLS (D. Del.) at D.I. 18.) Johnson objected to the motion but, other than argument, presented nothing in rebuttal. In addition, despite notice of the hearing (as discussed below), the record does not reflect his appearance on the day the motion was heard. (*See* Bankr. No. 15-10365-BLS at D.I. 69.)

Given the evidence of record, the court finds that the bankruptcy court had sufficient evidence to find that Johnson engaged in multiple bankruptcy filings to delay or hinder eviction. *See e.g., In re Hamer*, 2000 WL 1230496, at \* (E.D. Pa. 2000) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors."). The court further finds that the bankruptcy court did not abuse its discretion in granting the Trustee's motion to dismiss the bankruptcy proceeding.

With regard to the one-year filing bar imposed in the order at issue, Section 349(a) of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise, . . . dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." Section 109(g) provides: Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-- (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case. 11 U.S.C. § 109(g). In addition, 11 U.S.C. § 105(a) grants bankruptcy courts the power to enjoin future filings beyond 180 days to prevent abuse of the bankruptcy process. *See In re Casse*, 198 F.3d 327, 336 (2d Cir. 1999) ("Indeed, in all circuits but the Tenth, bankruptcy courts and district courts invariably derive from § 105(a) or § 349(a) of the Code, or from both sections in some cases, the power to sanction bad-faith serial filers . . . by prohibiting further bankruptcy filings for longer periods of time than the 180 days specified by § 109(g).").

Johnson's numerous bankruptcy filings and the timing of the filings provide ample support for the bankruptcy court to impose a one-year filing bar upon him. Indeed, the bankruptcy court was well within its power to grant that portion of the Trustee's motion that sought a one-year filing bar in light of the flurry of bankruptcy petitions filed in 2015 in an apparent effort to avoid or impede the State court eviction proceeding. Accordingly, the court finds that the bankruptcy court did not abuse its discretion in imposing a one-year filing bar upon Johnson.

### B. Constitutional Violations

Johnson also contends that the Trustee violated his constitutional rights, but he does not specify what those violations might be. Johnson seems to argue that hearings were held without providing him adequate notice, which could raise the specter of a due process violation. Johnson' brief, however, does not point to any specific hearings. To the extent Johnson contends that he did not receive notice of the hearing on the Trustee's motion to dismiss, the record reflects that, not only did the Trustee provide Johnson with a copy of the proposed notice of hearing as an attachment to his motion and at the address provided by appellant, *see* Bankr. No. 15-10365 at D.I. 64, D.I. 65, but also, Johnson received notice from the bankruptcy, again at his address of record, *see id.* at D.I. 66, D.I. 67. Moreover, Johnson timely objected to the motion to dismiss, and therefore, it is apparent that he received the notice. *Id.* at D.I. 68.

The record reflects that Johnson received notice and an opportunity to be heard. It does not reflect a violation of his constitutional rights. *See in re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012).

## V. CONCLUSION

For the above reasons, the bankruptcy court's order will be affirmed, and the appeal therefrom will be dismissed.

An appropriate order will be issue.

_____ 3/ , 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

10